**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|                                |   |                                |
|--------------------------------|---|--------------------------------|
| DANIEL REYES ESCRIBANO,        | : |                                |
|                                | : | Civil Action No. 07-3204 (RBK) |
| Petitioner,                    | : |                                |
|                                | : |                                |
| v.                             | : | **O P I N I O N**              |
|                                | : |                                |
| PAUL SCHULTZ, WARDEN,          | : |                                |
|                                | : |                                |
| Respondent.                    | : |                                |

**APPEARANCES:**

> DANIEL REYES ESCRIBANO, Petitioner pro se
> FCI Fairton
> P.O. Box 420
> Fairton, New Jersey 08320
>
> NEIL RODGERS GALLAGHER, AUSA
> United States Attorney's Office
> 970 Broad Street, Suite 700
> Newark, New Jersey 07102
> Counsel for Respondent

**KUGLER**, District Judge

This matter comes before the Court upon pro se petitioner, Daniel Reyes Escribano's ("Escribano") motion seeking relief from this Court's March 24, 2008 Opinion and Order, which denied his petition for a writ of habeas corpus under 28 U.S.C. § 2241, for lack of substantive merit. Escribano filed his motion, ostensibly under Rules 52(b), 59(e), and 60(b) of the Federal

Rules of Civil Procedure, on or about March 30, 2008.[1]  (Docket Entry No. 13).

In order to entertain petitioner's motion for reconsideration or relief from this Court's prior Order, the Court will have the Clerk reopen the file.  This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, petitioner's request for relief from this Court's March 24, 2008 Order will be denied, and the Clerk will be directed to re-close the file.

## I.  BACKGROUND

On or about July 12, 2007, Escribano filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his sentence computation by the Bureau of Prisons ("BOP"), and seeking prior custody credit towards his federal sentence for the time period from September 21, 1999 through May 29, 2003.

---

[1] Pursuant to the "prison mailbox rule," pleadings filed by prisoners are deemed filed on the date the prisoner delivers same to prison officials for mailing, not on the date the pleading is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Escribano handed his motion for reconsideration to prison officials for mailing, the letter motion was dated by petitioner on March 30, 2008.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that March 30, 2008 was the date this motion was filed, and not the date the motion was received by the Clerk of the Court on April 3, 2008.

Escribano claimed that the federal government had primary jurisdiction over him from September 21, 1999 through May 29, 2003, the time during which he was held in a federal detention center while his federal criminal trial was pending.  He also argued that the federal court intended that his federal sentence run retroactively concurrent with his earlier-imposed state sentence so that Escribano would receive full credit for the time he spent in federal detention from September 21, 1999 through May 29, 2003.  Finally, Escribano claimed that the United States Sentencing Guidelines ("USSG") at Section 5G1.3(c), allowed the federal court to award a concurrent sentence in a manner that would require the BOP to credit petitioner for the time he spent in federal detention from September 21, 1999 through May 29, 2003.

The BOP countered that Puerto Rico did not relinquish primary jurisdiction over petitioner on September 21, 1999, and that Escribano's federal sentence had been calculated in accordance with federal law and regulations as well as with the intent of the federal sentencing court.  More specifically, the BOP argued that Escribano was not entitled to receive prior custody credit for the time period between September 21, 1999 through May 29, 2003, because that would constitute double credit contrary to 18 U.S.C. § 3585(b).

In an Opinion and Order issued on March 24, 2008, this Court found that Escribano remained under the primary jurisdiction of Puerto Rico until released by the Puerto Rico authorities on June 2, 2005, when he completed his non-federal sentence. See Rios v. Wiley, 201 F.3d 257, 274-76 (3d Cir. 2000). This Court determined that, even though Escribano was borrowed from the Puerto Rico authorities by federal authorities pursuant to a writ of habeas corpus *ad prosequendum* on February 2, 1999, Puerto Rico had not relinquish its primary jurisdiction over Escribano because the non-federal charges on his 1998 weapons charges and on the older violation of probation charge were still pending at that time. Moreover, Escribano failed to show that he had satisfied the non-federal charges on September 21, 1999, or that he was released on bail, or that he had completed service of his non-federal sentences, as alleged. In fact, Escribano was returned to the custody of Puerto Rico on October 3, 2003, so that he could complete his state sentences before serving his unrelated federal charges. (March 24, 2008 Opinion at pp. 13-15, Docket Entry No. 11).

This Court also rejected Escribano's claim that his federal sentence was intended to run retroactively concurrent to his state sentences. Finding instruction in the Third Circuit's opinion in Ruggiano v. Reish, 307 F.3d 121 (3d Cir. 2002), this Court determined that there was no clear intent that Escribano's

4

sentencing judge intended to have his federal sentence run retroactively concurrent as alleged:

> "[T]here was no discussion that would suggest that the sentencing court intended a retroactively concurrent sentence. The sentencing court stated only that Escribano would be entitled to receive credit for the time he had been in federal detention before the imposition of his federal sentence if such detention was related to his federal offense. The court did not mention the application of U.S.S.G. § 5G1.3(c) during the sentencing hearing. There is no indication of any kind in the transcript provided that the sentencing court intended to credit petitioner for time served on his non-federal sentence that was credited to his non-federal sentence, which would be contrary to 18 U.S.C. § 3585(b). In fact, the transcript shows that the sentencing court was giving credit only for time served related to the federal offense in accordance with § 3585(b).
>
> This Court also notes that the sentencing court imposed a sentence of 151 months, which was at the bottom of the guideline imprisonment range of 151 to 188 months given Escribano's total offense level and criminal history. Thus, there does not appear to be any basis for the sentencing court to further "adjust" Escribano's sentence downward, especially where the time period in question was already credited towards Escribano's state sentence unrelated to the federal sentence. While the sentencing judge need not cite applicable statutory or sentencing guidelines when imposing the sentence, see Ruggiano, 129 F.3d at 134, in this case, there is simply no expression of intent by the court at the sentencing hearing to impose a retroactively concurrent sentence as that found in Ruggiano.
>
> Finally, to the extent that Escribano is seeking credit for the period of time he spent in federal custody pursuant to the federal writ of habeas corpus *ad prosequendum*, his claim is without merit. See Ruggiano, 307 F.3d at 125 n.1 ("time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence."). Therefore, this Court finds that the BOP did not err in its calculation of Escribano's federal sentence and in its denial of credit for the time Escribano spent in federal custody on a writ *ad prosequendum* from September 21, 1999 through May 29, 2003, because this time period was credited towards petitioner's non-federal sentence, and such would constitute double credit in violation of 18 U.S.C. §

>3585(b). Without express and specific direction from the sentencing court otherwise, the BOP's decision concerning the calculation of Escribano's sentence and the award of prior custody credit is mandated and limited by 18 U.S.C. § 3585(a) and (b).

(March 24, 2008 Opinion at pp. 22-24, Docket Entry No. 11).

On April 3, 2008, Escribano filed a motion for relief from this Court's Order denying the § 2241 habeas petition. He appears to argue that a "potential violation of probation charge" where no warrant or detainer had been officially lodged, is not sufficient for the state to maintain primary jurisdiction. He also contends that the Court made erroneous findings as to when Escribano completed service of his non-federal sentences because petitioner's exhibits were written in Spanish. Escribano urges that an official court interpreter be assigned to assist the Court in reading the state court dispositions. (See Docket Entry No. 13).

The Government opposed Escribano's motion by letter brief filed on April 21, 2008. The Government argues that reconsideration is an extraordinary remedy granted very sparingly, and is not a means to argue what could have been argued in the original petition.[2] In this case, the Government

---

[2] The respondent claims that Escribano is seeking reconsideration of this Court's March 24, 2008 Opinion and Order. Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure, see United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999), and are generally as motions to alter or amend judgment under Fed.R.Civ.P. 59(e), or as motions for relief from judgment or

order under Fed.R.Civ.P. 60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference

comments that Escribano seems to be claiming that there is some evidence that was not produced in translated form, and that should be translated now.  The Government contends that reconsideration is not appropriate here because petitioner could have produced the translations or made the request for translation assistance earlier because the information was readily available at that time.  Moreover, Escribano fails to show that he had completed his state sentence when he said he did or that his theories would not result in unlawful double credit. (See Respondent's letter brief at Docket Entry No. 14).

## II.  ANALYSIS

Escribano seeks relief from this Court's March 24, 2008 Order denying his § 2241 habeas petition.  Such motion is best characterized as a motion for relief from a judgment or order pursuant to Fed.R.Civ.P. 60(b).  Rule 60(b) provides, in pertinent part:

---

of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir.), cert. denied, 537 U.S. 947 (2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'" Moolenaar v. Government of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Rather, relief under rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (quoting Martinez-McBean v. Government of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)). "The remedy provided by Rule 60(b) is 'extraordinary,

9

>       and [only] special circumstances may justify granting
>       relief under it.'"  Moolenaar, 822 F.2d at 1346
>       (citations omitted).

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citations omitted).

Here, this Court finds that Escribano has failed to show any basis for relief under Rule 60(b).[3]  Escribano has not shown any mistake or fraud by the Government.  See Rule 60(b)(1), (3).  Petitioner has produced nothing to dispute the veracity of the record provided by the BOP concerning Escribano's state court convictions and when his state sentences were satisfied.  Escribano also fails to offer any newly discovered evidence that would warrant relief from this Court's judgment on March 24, 2008.  See Rule 60(b)(2).  Instead, Escribano simply asks that the documents he provided in Spanish be translated in English.  He could have sought this translation assistance when his petition was filed and pending review by this Court.  Moreover, it is not apparent that these documents would belie the information provided by respondent in the administrative record.

Indeed, the record provided clearly confirms this Court's determination that Puerto Rico had not relinquished primary

---

[3] Paragraphs (4) and (5) under Rule 60(b) are inapplicable in this case, as Escribano is not arguing that this Court's judgment is void or that "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed.R.Civ.P. 60(b)(4) and (5).

jurisdiction over Escribano on September 21, 1999, and that Escribano had not satisfied his state court sentence until June 2005. (See Respondent's Answer, Declaration of Cheryl A. Pauley at Exhibit D, the September 5, 2006 letter from the Puerto Rico Administration of Corrections). Thus, Escribano has not shown that he had completed his state sentence when he says he did, and his version is plainly contradicted by the record provided by respondent. Furthermore, Escribano's specious argument that there was no warrant or detainer officially lodged against him on the probation violation charge is not supported by the record.

Finally, Escribano does not show any special circumstances that would justify granting relief under Rule 60(b)(6). He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Rather, Escribano simply disagrees with this Court's findings.

Escribano's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Escribano's motion for relief from this Court's March 24, 2008 Order, and said

motion will be denied for lack of merit.  An appropriate Order follows.

                                                         S/Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge

Dated: June 19, 2008