**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DANIEL REYES ESCRIBANO,<br><br>         Petitioner,<br><br>     v.<br><br>PAUL SCHULTZ, WARDEN,<br><br>         Respondent. | Civil No.  07-3204 (RBK)<br><br><br><br>**OPINION** |

**APPEARANCES**:

>DANIEL REYES ESCRIBANO, Petitioner pro se
># 16995-069
>F.C.I. Fairton
>P.O. Box 420
>Fairton, New Jersey 08320
>
>UNITED STATES ATTORNEY'S OFFICE
>Attn:  Neil R. Gallagher, Assistant U.S. Attorney
>970 Broad Street, Room 702
>Newark, New Jersey  07102

**KUGLER, District Judge**

This matter comes before this Court pursuant to the Mandate of the United States Court of Appeals for the Third Circuit, issued on May 21, 2009, which vacated this District Court's Order entered of March 25, 2008, and remanded the matter for further proceedings in accordance with the Judgment and Opinion of the United States Court of Appeals for the Third Circuit, dated May 21, 2009.  On June 26, 2009, this Court received from Respondent certified copies of the relevant documents with respect to Petitioner's federal criminal proceedings in the United States

District Court for the District of Puerto Rico in the matter of United States v. Daniel Reyes-Escribano, Case Cr-99-0044 (HL), as follows: (1) the Plea Agreement; (2) the full transcript of the May 29, 2003 sentencing hearing; (3) Petitioner's October 21, 2003 motion; and (4) the Government's opposition to Petitioner's motion.  Petitioner filed his response on remand on July 30, 2009.  For the reasons stated below, this Court will grant the petition for habeas relief under 28 U.S.C. § 2241, and direct the Government to adjust Petitioner's sentence in accordance with the sentencing court's pronouncement that Petitioner's federal sentence be served concurrently with the sentence being served by Petitioner in the local courts.

## I.   BACKGROUND

Petitioner, Daniel Reyes Escribano ("Escribano"), is currently a federal prisoner confined at F.C.I. Fairton in Fairton, New Jersey.  He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, on July 12, 2007, challenging his sentence computation by the Bureau of Prison's ("BOP"), and seeking prior custody credit towards his federal sentence for the time period from September 21, 1999 through May 29, 2003.  The named respondent is the Warden, Paul Schultz, at F.C.I. Fairton.  This Court will rely on the factual background as recited in this Court's earlier Opinion filed March 24, 2008, at pages 2 through 5.  (Docket entry no. 11).

In its Opinion and Order filed on March 24, 2008, this Court denied Escribano relief on his habeas petition. In particular, this Court found that the BOP did not err in its calculation of Escribano's federal sentence and in its denial of credit for the time Escribano spent in federal custody on a writ of habeas corpus *ad prosequendum* from September 21, 1999 through May 29, 2003, because this time period was credited towards Escribano's local court sentence, and such would constitute impermissible double credit in violation of 18 U.S.C. § 3585(b). This Court further held that "[w]ithout express and specific direction from the sentencing court otherwise, the BOP's decision concerning the calculation of Escribano's sentence and the award of prior custody credit is mandated and limited by 18 U.S.C. § 3585(a) and (b)." (March 24, 2008 Opinion at pp. 23-24, Docket entry no. 11).

Escribano appealed this Court's decision before the United States Court of Appeals for the Third Circuit. On May 21, 2009, the Third Circuit filed a per curiam Opinion vacating this District Court's March 24, 2008 Order and remanding the matter for further proceedings. The Third Circuit directed that the full Plea Agreement and sentencing hearing transcript of the federal criminal proceedings be made part of the record, because the District Court did not have the benefit of this material when it rejected Escribano's claim that the federal sentencing court

3

intended to adjust his federal sentence under United States Sentencing Guidelines § 5G1.3(c).[1]  The Third Circuit did not express an opinion on whether the sentencing court intended to award a retroactively concurrent sentence under § 5G1.3(c).

On June 26, 2009, the Government provided this Court with the full record as directed on remand.  Escribano filed a response on July 30, 2009, arguing that the full record provided amply supports his claim that the sentencing court intended to award a retroactively concurrent sentence for the time Escribano served prior to being sentenced from February 2, 1999 through May 29, 2003.

## II.  ANALYSIS

At issue in this remanded matter is whether the sentencing court intended to award Escribano a retroactively concurrent sentence reduction under § 5G1.3(c), namely, for the time period from September 21, 1999 through May 29, 2003, when Escribano was

---

[1]  A federal court's authority to order that terms of imprisonment imposed at different times shall run concurrently is limited to cases in which the federal term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment.  18 U.S.C. § 3584(a).  Under U.S.S.G. § 5G1.3(c), the court may impose a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."  U.S.S.G. § 5G1.3(c).  Further, under U.S.S.G. §5G1.3(b), a concurrent sentence is mandatory and shall be imposed to run concurrently to an undischarged sentence when "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense."  U.S.S.G. § 5G1.3(b).

4

confined at the federal detention center in Puerto Rico. The BOP had awarded him prior custody credits for the time period of January 28, 1999 through September 20, 1999, in accordance with <u>Willis v. United States</u>, 438 F.2d 923 (5th Cir. 1971).[2] However, the BOP declined to award credit for the time period from September 21, 1999 through May 29, 2003, because Escribano was serving his non-federal sentence during this time and any grant of prior custody credit would constitute a double credit contrary to 18 U.S.C. § 3585(b).

Further, the Government contends that the full sentencing hearing transcript does not support Escribano's claim that the sentencing court intended an adjustment be made to his sentence under § 5G1.3(c), and therefore, the Third Circuit's decision in <u>Ruggiano v. Reish</u>, 307 F.3d 121 (3d Cir. 2002), regarding a retroactively concurrent sentence, does not apply in this case.

Here, there is no dispute that, under 18 U.S.C. § 3585(b), the BOP cannot grant prior custody credit against a federal sentence for time served before commencement of the federal sentence if such time has already been credited towards another sentence. <u>United States v. Wilson</u>, 503 U.S. 329, 337 (1992); <u>see</u>

---

[2] This Court notes that the BOP properly credited Escribano with this time he spent in federal custody pursuant to the writ of habeas corpus *ad prosequendum* not because he was in primary federal custody during that time, but because that time was not credited to Escribano's state sentence.

also Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).[3] Nevertheless, at the time Escribano was sentenced, the law in the Third Circuit provided that a sentencing court could award a sentence reduction under the U.S. Sentencing Guidelines § 5G1.3(c) in consideration of time spent in custody on a prior conviction.  See Ruggiano v. Reish, 307 F.3d 121, 131 (3d Cir. 2002).  In Ruggiano, the Third Circuit held that a sentencing court may impose a retroactively concurrent sentence under § 5G1.3 so long as it is termed an adjustment rather than a "credit" or "downward departure."  Ruggiano, 307 F.3d at 131, 133.  The court opined that a sentencing court's authority under § 5G1.3(c) to reduce a sentence is distinct from the BOP's authority under § 3585 (b) to credit a sentence, even if the benefit to the petitioner may be the same.  Id.  Specifically, in Ruggiano, the Third Circuit concluded that the sentencing court had exercised its authority to adjust a sentence for time served on a state conviction.  There, the defendant had asked that § 5G be applied and the sentencing court expressly stated at the sentencing hearing that the federal sentence "be served concurrently and that [the defendant] receive credit for the amount of time that he had served there."  Id. at 131.  The

---

[3] Rios was superseded by statute on unrelated grounds to the extent that the court applied a version of the United States Sentencing Guidelines § 5G1.3 prior to its amendment, effective November 1, 1995.  See United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000).

6

written judgment also stated: "Sentence imposed to run concurrent with State sentence. Defendant to receive credit for time served." Id.

This Court, now having the benefit of the Plea Agreement and the full sentencing hearing transcript in Escribano's federal criminal proceeding, finds that the federal sentencing court expressed a clear intent to adjust Escribano's sentence to account for the time he spent in custody on his prior local sentence. Namely, the sentencing judge intended that Escribano's federal sentence was to be retroactively concurrent with his non-federal sentence.

This intent is displayed at the May 29, 2003 sentencing hearing. First, Escribano's counsel clearly separated the issue of § 3585(b) credit for the time period from February 2, 1999, from Escribano's request for imposition of a concurrent sentence with his local sentence. (See May 29, 2003 Sentencing Hearing Transcript ("ST") at 4:17-5:25). The sentencing judge initially confirmed with the prosecuting attorney that a concurrent sentence was acceded under the Plea Agreement, and then turned to the issue of credit. (ST 4:23-6:2).

Thereafter, Escribano made a statement of repentance to the court and the sentencing judge issued its sentence in full accord with the Plea Agreement. (ST 6:16-13:18). Escribano's counsel then asked the court for clarification of the recommendations

7

made in the Plea Agreement, which again clearly demarcates the issue of concurrent sentencing, as follows:

> MR. DIAZ-REVERON: Yes, Your Honor.  The two recommendations that we asked of the Court; first, to credit the time that he was waiting for the sentence, and a recommendation as to the Bureau of Prisons, Fort Dix.
>
> THE COURT: Time already served in connection with the instant offense shall be credited.
>
> The Court recommends to the Bureau of Prisons that defendant serve his sentence at Fort Dix.  This is merely a recommendation, based upon the Bureau's sole discretion and within the Bureau's placement program.  In other words, it's up to the Bureau to accept my recommendation.

(ST 13:20-14:11).  Escribano's counsel then separately revisited the issue of concurrent sentencing for clear confirmation, as follows:

> MR. DIAZ-REVERON:  Judge, as to the concurrent sentence --
>
> THE COURT: No objections.
>
> MR. VEGA-PACHECO: Your Honor, it's pursuant to the Plea Agreement --
>
> THE COURT: Very well.  The sentence hereby imposed shall run concurrently with the sentence being served by defendant in the local courts.

(ST 14:12-21).

Second, the Judgment and Commitment Order issued by the federal sentencing court confirms that the sentencing court intended that a retroactively concurrent sentence be imposed. This intent is demonstrated by the express language of the Order, which shows that the court imposed a term of imprisonment, pursuant to a plea agreement, of "one hundred and fifty-one (151)

8

months to be served concurrently with the sentence being served in local court.  Time already served in connection with this offense shall be credited."  (See Respondent's Declaration of Cheryl A. Pauley, BOP Correspondence Specialist, dated August 17, 2007, ("Pauley Decl."), at Exhibit A).

Thus, both the Judgment and Commitment Order and the sentencing hearing transcript essentially track the sentencing language used in the Ruggiano case.  In particular, in Ruggiano, the sentencing judge stated "that he thought it appropriate to go ahead and recommend that [Ruggiano's sentence] be served concurrently and that he receive credit for the amount of time that he served there."  Ruggiano, 307 F.3d at 124.  "Then, in his written judgment, [the sentencing judge] recited that Ruggiano's sentence was to 'run concurrent with State sentence.  Defendant to receive credit for time served.'"  Id.  The Third Circuit found that this language conveyed an intent of the sentencing judge to grant an adjustment by making the federal sentence retroactively concurrent for the entire period of the state sentence pursuant to § 5G1.3(c).

Accordingly, this Court finds no difference or distinction between the language used by Escribano's sentencing judge with that used by the sentencing judge in Ruggiano.  Furthermore, it is clear from the Plea Agreement that the prosecuting attorney for the United States agreed not to oppose a sentence imposed in

9

this case "to be served concurrently with any pending sentence." (Plea Agreement at § 8, pg. 4).

    This Court also rejects the Government's arguments that the sentencing supports nothing more than a finding that the sentence be concurrent with that part of the state sentence yet to be served at that time, and that the "heinous" nature of the crime as stated by the sentencing court necessarily implies that the court would not have intended a retroactively concurrent sentence.  As to the first argument, the language used by the sentencing court conveyed an intent to impose a retroactively concurrent sentence, as discussed in this Opinion above.  As to the second argument, a reading of the sentencing transcript impresses this Court that the sentencing judge was cognizant of Escribano's cooperation, admission of guilt and sincere repentance when imposing the sentence in accordance with the Plea Agreement.  Indeed, reference to the "heinous" nature of the crime was not made in context with the request for a concurrent sentence with the prior state sentence imposed.  (ST 8:6-21).

    Finally, this Court rejects the Government's contention that the sentencing court's denial of Escribano's October 21, 2003 motion was indicative of an intent not to have the federal sentence be made retroactively concurrent with the local sentence.  Escribano's motion sought to have the BOP follow the terms of the judgment as set forth above.  However, the

sentencing court denied the motion on the basis that Escribano had not exhausted his administrative remedies first, as this was the argument raised by the Government in opposition to the motion.

In sum, then, this Court finds no ambiguity between the judgment of conviction and the oral ruling at the sentencing hearing, which suggests that the sentencing judge had a clear intent to impose a retroactively concurrent sentence.  While there was no discussion that actually used the express words "retroactively concurrent" or "5G1.3(c)" in this case, there was sufficient discussion to convey that the sentencing court intended a retroactively concurrent sentence.  This is made clear by the court's and the parties' reference to the Plea Agreement. Any discussion by the sentencing court with respect to § 3585(b) credit was made with respect to the time Escribano was in federal custody before his state sentence was imposed, namely from February 2, 1999 to September 20, 1999.  There was a clear distinction between the request for concurrent sentencing and § 3585(b) credit.

Therefore, where this Court finds ample indication from the sentencing hearing transcript together with the language used in the Judgment and Commitment Order and the Plea Agreement that the sentencing judge intended to impose a retroactively concurrent sentence as that found in Ruggiano, this Court will grant

11

Escribano's habeas petition and direct that the BOP conduct an immediate re-calculation of petitioner's sentence accordingly by adjusting the federal sentence to account for the time he served his state sentence.[4]

## CONCLUSION

Therefore, based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby granted.  An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 1, 2009

---

[4] The BOP Inmate Locator indicates that Escribano has a projected release date of September 21, 2013.  There is no indication that an adjustment of petitioner's federal sentence as sought by Escribano would make him eligible for immediate release, but the Court does express concern that any recalculation of Escribano's federal sentence as directed may make his release date imminent.

12