**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DANIEL REYES ESCRIBANO, | : | Civil No.  07-3204 (RBK) |
| Petitioner, | : |  |
| v. | : | **OPINION** |
| PAUL SCHULTZ, WARDEN, | : |  |
| Respondent. | : |  |

**APPEARANCES:**

    DANIEL REYES ESCRIBANO, Petitioner pro se
    # 16995-069
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

    ELIZABETH ANN PASCAL, Assistant U.S. Attorney
    U.S. Department of Justice, Office of U.S. Attorney
    401 Market Street, P.O. Box 2098
    Camden, New Jersey 08101
    Counsel for Respondent

**KUGLER, District Judge**

This matter comes before this Court by motion of petitioner, Daniel Reyes Escribano ("Escribano"), after this matter was remanded to this District Court for further proceedings in accordance with the Judgment and Opinion of the United States Court of Appeals for the Third Circuit, dated May 21, 2009, pursuant to Mandate issued the same date, which vacated this District Court's March 25, 2008 Order that had denied habeas relief in this matter.  On October 1, 2009, on remand, this Court

granted the petition for habeas relief and directed the respondent to adjust Escribano's federal sentence in accordance with the sentencing court's pronouncement that Petitioner's federal sentence be served concurrently with the sentence being served by Escribano in the local courts.  Respondent was directed to recalculate Escribano's sentence within twenty (20) days, and report said determination to the Court.  (Docket entry nos. 28 and 29).  On October 23, 2009, respondent's counsel informed the Court that a re-computation of sentence had been performed, and that Escribano's projected release date is now June 30, 2010.[1]

On December 3, 2009, Escribano filed a motion for his immediate release on the grounds that the Federal Bureau of Prisons ("FBOP") had erroneously recalculated his sentence, that his statutory sentence should have ended on October 28, 2009 under 18 U.S.C. § 3624(b), and therefore, he is being illegally confined.  (Docket entry no. 31).  The Government responded to petitioner's motion on December 21, 2009.  (Docket entry no. 34).  Escribano filed a reply on December 30, 2009.  (Docket entry no. 35).  For the reasons set forth below, the motion is denied.

---

[1] At the start of this litigation, Escribano's projected release date was September 21, 2013, before his petition had been granted and his sentence recalculated after remand.

## I. BACKGROUND

Respondent relies on the Declaration of Kinda Flagg, a Management Analyst at the Designation and Sentence Computation Center for the Federal Bureau of Prisons ("FBOP")("Flagg Decl."), which explains the sentence recalculation as follows.

Flagg relied on several relevant dates for calculating Escribano's sentence:

- January 28, 1999, arrest date by the state
- September 21, 1999, sentenced on state charges
- May 29, 2003, sentenced on federal charges to 151 months imprisonment.

Flagg noted that Escribano had originally received a Willis credit when the FBOP computed his sentence. See Willis v. United States, 438 F.2d 923 (5th Cir. 1971). This credit was for 236 days of prior custody credit from January 28, 1999 to September 20, 1999. Based on Escribano's 151 month term of imprisonment, his projected release date at the time of his original petition was September 21, 2013.

However, after this Court granted Escribano's habeas petition on October 1, 2009, and directed the FBOP to adjust Escribano's federal sentence to account for the time he served his state sentence, the FBOP performed a re-calculation and reported same to this Court.

3

The FBOP again determined that Escribano's federal sentence commenced on March 29, 2003, the date it was imposed, but the length of his sentence was reduced per the United States Sentencing Guidelines ("U.S.S.G.") 5G1.3 from a 151-month term to a 100-month and 6-day prison term to account for the time he had served after his state sentence was imposed from September 21, 1999 to May 28, 2003.  The FBOP states that this redetermination changed Escribano's raw full term date for his federal sentence from May 6, 2015 to July 28, 2011.

The FBOP also states that due to the reduction of Escribano's length of sentence, the raw full term date for his federal sentence no longer exceeded the raw full term date of his non federal sentence and therefore, Escribano was not eligible for the Willis credit.

However, the FBOP did find that Escribano was eligible for another credit under Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).  This credit of 68 days brought Escribano's full term date to July 28, 2011.  With application of statutory good conduct time, Escribano's projected release date is June 30, 2010.

Escribano contends that this date is in error, and argues that the FBOP's math does not add up.  He appears to make the assumption, without any basis in statutory or case law, that his federal sentence should have been computed with a start date from

4

January 1999, which would give him a release date in October 2009. He provides no support for his contention.

## II.  **ANALYSIS**

The Federal Bureau of Prison's Program Statement 5880.28 sets forth guidelines for FBOP's computation of sentences, including the computation of prior custody time credit pursuant to 18 U.S.C. §3585(b). In accordance with § 3585(b)(2), the FBOP will not apply pre-sentence custody credits to the federal sentence if those credits have been granted on the non-federal sentence. However, based on the Willis decision, the FBOP has carved out a narrow exception to the bar on double credits in cases where a federal sentence has been ordered to run concurrent to a state sentence and where the full term of the state sentence imposed is shorter than the full term federal sentence.[2] These credits are referred to as "Willis" credits.

Specifically, under PS 5880.28, when a period of time spent in state custody after commission of the federal sentence has been credited against a state sentence, the same period of time will be credited to a concurrent federal sentence if the application of the prior custody credit on the state sentence was of no benefit to the inmate. A determination of an inmate

---

[2] The Willis court applied 18 U.S.C. § 3568, the predecessor to 18 U.S.C. § 3585. The court notes that, in enacting § 3585, Congress did not carve out an exception based on the Willis decision.

5

receiving no benefit for time credit to a state sentence is made by the BOP if the federal and state sentences are running concurrently, and the Raw Expiration Full Term Date ("EFT") of the federal sentence is later than the Raw EFT of the state sentence.[3]  Program Statement 5880.28 at 1-22 to 1-22A. (emphasis added).

In this case, the FBOP admits that Escribano was initially granted Willis credits from January 28, 1999 to September 20, 1999 for 236 days of prior custody credit, based on Escribano's 151 month prison sentence.  It was explained that the Willis credit was awarded to prevent an inequitable result to Escribano of not receiving any meaningful benefit from a prior custody credit applied toward a non federal sentence if the raw EFT of the federal sentence is greater than or equal to the non federal sentence.  See Flagg Decl., at ¶¶ 6,7 (Docket entry no. 34-1).

However, in October 2009, after this Court ordered the FBOP to adjust Escribano's federal sentence to account for the time he served on his state sentence, Escribano's sentence was reduced per U.S.S.G. 5G1.3 from 151 months in prison to 100 months and 6 days of imprisonment.  With this 5G1.3 reduction, the FBOP

---

[3]  The "Raw EFT" for both federal and non-federal sentences is determined by "adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (Raw EFT) that does not include any time credit, e.g., presentence or prior custody time or good time." Program Statement 5880.28 at 1-14.

calculated Escribano's raw full term date for his federal sentence to change from May 6, 2015 to July 28, 2011. Accordingly, Escribano's raw full term date on his federal sentence, July 28, 2011, no longer exceeded his raw full term date on his non federal sentence, March 20, 2012, and the Willis exception no longer applied.  See Flagg Decl. at ¶¶ 9-11 (Docket entry no. 34-1).

Nevertheless, the FBOP has also carved out a narrow exception to the double credits bar where the Raw EFT of a state sentence is longer than the Raw EFT of the federal term, but the difference between the terms is less than the amount of credit awarded on the state sentence.  Under those circumstances, the FBOP then subtracts the state awarded credits from the state Raw EFT to get an adjusted state sentence length and grants sufficient credits to make federal sentence the same length as the adjusted state sentence length.  These credits are referred to as Kayfez credits and are based on the reasoning of the Seventh Circuit's decision in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993).  In Kayfez, the court was concerned that, because the raw full term for the concurrent state sentence was only 358 days longer than the raw full term for the federal sentence, the petitioner would not receive the full benefit of the more than 358 days of credits awarded by the state court.  To "correct the problem," the court ordered the FBOP to award additional days of credit.

7

In this case, after the FBOP determined that Willis credit was not applicable, because Escribano's non federal sentence was now longer than his federal sentence, the FBOP applied Kayfez credit.  The FBOP determined that Excribano was eligible for 68 days Kayfez credit, as follows: Escribano's raw EFT for his non federal sentence is March 20, 2012, less the prior custody credit or 236 days, equals July 28, 2011.  However, his raw EFT for the federal sentence is October 4, 2011.  To bring the raw EFT to July 28, 2011, the FBOP determined that Escribano is eligible for 68 days Kayfez credit.

Thus, after the 5G1.3 reduction of his sentence to 100 months and 6 days, and the Kayfez credit, Escribano had a raw EFT date of July 28, 2011.  With statutory good conduct time awarded, Escribano's projected release date is June 30, 2010.

Escribano offers no explanation or statutory support for his contention that the FBOP's re-calulation of his sentence is erroneous or was conducted in bad faith.  This Court has carefully reviewed the documentation provided by the FBOP and finds that there is no basis for petitioner's motion seeking his immediate release.

The only argument Escribano seems to make is that his sentence should have been calculated from January 1999 rather than March 2003.  Only in this manner does petitioner reach the October 2009 release date.  However, a federal sentence cannot commence before it is imposed.  See 18 U.S.C. § 3585(a).  Section

8

3585(a) governs the date upon which a federal sentence commences. It provides:

> (a) Commencement of sentence.- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The FBOP policy regarding the application of 18 U.S.C. § 3585(a) is set forth in Program Statement 5880.28, Sentence Computation Manual, Chapter 1.3 at 12-13. It instructs:

> If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.

BOP Program Statement 5880.28, Chap. 1.3 at 12.

The Government clearly shows that Escribano's federal sentence began on March 29, 2003, the day it was imposed, and that is the start date for computation of petitioner's federal sentence. Escribano cannot show otherwise. Accordingly, his motion for immediate release will be denied.

### III. CONCLUSION

Based on the foregoing, Escribano's motion for immediate release is denied, and the Clerk of the Court will be directed to close this matter accordingly. An appropriate Order accompanies this Opinion.

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

Dated: February 1, 2010